*STATE EX REL. JOHN A. CLINE v. JOHN L. CANNON ET AL.

1. STATUTE REQUIRING APPOINTMENT OF LEGAL COUNSEL BY COUNTY COMMISSIONERS-
TO PERFORM DUTIES OF PROSECUTORS IS UNCONSTITUTIONAL.

   Legal counsel and assistant legal counsel, provision for the appointment
   and employment of which by county commissioners is made by Sec.
   845 Rev. Stat., to perform duties and services required by statute to be
   performed by prosecuting attorneys, are officers; hence, Sec. 845 is in
   contravention of Art. 10, Sec. 2, of the constitution which requires all
   county officers to be elected by the electors of each county.

2. ASSISTANT LEGAL COUNSEL COMPENSATED UPON PERCENTAGE BASIS UNWAR-
RANTED.

   Section 845 Rev. Stat., being unconstitutional, an assistant legal counsel
   appointed by county commissioners by resolution thereunder, to per-
   form the same and other duties than legal counsel and other assistant
   counsel appointed thereunder are required to perform, and be compen-
   sated upon a percentage basis instead of a salary, is also unwarranted.

QUO WARRANTO.

**W. D. Meals, J. A. Cline** and **Fielder Sanders,** for plaintiff:

That portion of Sec. 845 providing for the appointment of legal
counsel is unconstitutional for the reason that it creates a county office
and provides for appointment thereto by the county commissioners and
is therefore in contravention of Art. 10, Sec. 2, of the constitution of
Ohio. *Miller* v. *Sacramento Co. (Supvrs.)* 25 Cal. 93, 98; *Ogden* v.
*Raymond,* 22 Conn. 379 [58 Am. Dec. 429]; *Shelby* v. *Alcorn,* 36 Miss.
273 [72 Am. Dec. 169]; *State* v. *Brennan,* 49 Ohio St. 33 [29 N. E.
Rep. 593]; *State* v. *Jennings,* 57 Ohio St. 415 [49 N. E. Rep. 404; 63
Am. St. Rep. 723]; *State* v. *Halliday,* 61 Ohio St. 171 [55 N. E. Rep.
175]; *Palmer* v. *Zeigler,* 76 Ohio St. 210 [81 N. E. Rep. 234]; *State* v.
*Perry Co. (Comrs.)* 5 Ohio St. 497; *Little Miami Ry.* v. *Greene Co.*
*(Comrs.)* 31 Ohio St. 343.

**F. L. Taft, H. H. McKeehan** and **G. M. Dahl,** for defendants.

**MARVIN, J.**

The relator by his petition seeks to oust the defendant, John L.
Cannon, from the position of legal counsel, and each of the other two
defendants from the position of assistant legal counsel for the county
of Cuyahoga, state of Ohio.

---

*Affirmed by Supreme Court, without report, *Cannon* v. *State,* 80 Ohio St.
756.

### State v. Cannon.

The facts briefly are, that the defendants, and each of them, claim to hold the positions named by virtue of a contract entered into between them severally and the board of commissioners of Cuyahoga county, on the fifteenth day of August, 1908. On that day there was filed with said board of commissioners a writing signed by the then prosecuting attorney of the county, which reads:

"Cleveland, Ohio, August 15, 1908.
"To the Board of County Commissioners:

"You are hereby requested to employ legal counsel and the necessary assistants upon such terms as you may deem for the best interests of the county, pursuant to the provisions of Section 845 of the Revised Statutes of Ohio.

"(Signed)    S. V. McMahon,
"Prosecuting Attorney."

After the filing of such writing the board adopted a resolution, which reads in part:

"Now, therefore, be it resolved, That this board employ Jno. L. Cannon as such legal counsel, at an annual compensation of $3,000, and that it further employ Frank S. Day, as assistant legal counsel, at an annual compensation of $2,000, and that it further employ G. L. Warson as assistant legal counsel, at and for the compensation hereinafter fixed.

"The terms of employment herein made shall be for the term of three (3) years, beginning on the fifteenth day of August, 1908, and fully to be completed and ended on the fourteenth day of August, 1911.

"Said legal counsel, Jno. L. Cannon, or assistant legal counsel, Frank S. Day, shall be required to be present at all meetings of this board.

"This board shall provide offices for such legal counsel and his assistants, together with stenographer, telephone service and all necessary law books and stationery and supplies for the proper management and conduct of said office.

"Except as to the compensation of assistant legal counsel, G. L. Warson, the compensation of said legal counsel, his assistants and stenographer, together with office rent and the necessary expenses of said legal counsel, Jno. L. Cannon, and assistant legal counsel, Frank S. Day, incurred in performing the duties of said employment, shall be paid semimonthly out of the county treasury upon the allowance of the board."

Cuyahoga County.

It is further provided in said resolution, as follows:

"In consideration of the compensation and other considerations herein expressed, such legal counsel and his assistants shall render the service now required by Section 845 of the Revised Statutes of Ohio, as amended at the second regular session of the seventy-seventh general assembly of the state of Ohio, 98 O. L. page 338, with the exception that the services required by sections 799, 1277, 1278a and 3977 of the Revised Statutes of Ohio, shall be rendered by said legal counsel and his assistants without reference to, and exclusive of such compensation and other considerations herein provided, and should said legal counsel and his assistants for any reason not be required or bound to perform the duties and services performed by the prosecuting attorneys under sections 799, 1277, 1278a and 3977 of the Revised Statutes of Ohio, such condition shall be held not to affect the terms of this employment."

It will be noticed that the action of the commissioners is based upon Sec. 845 Rev. Stat., and on the part of the relator it is contended that in so far as said statute undertakes to authorize the appointment by the commissioners of legal counsel, it is in contravention of Art. 10, Sec. 2, of the constitution of Ohio, which provides that all county officers shall be elected by the electors of each county.

If the positions which the several defendants occupy and the duties required of them are such as to constitute them officers, it is clear that the statute authorizing their appointment by the board of county commissioners is in contravention of this constitutional provision. The language of so much of the section as is applicable to the present case, reads as follows:

"Whenever, upon the written request of the prosecuting attorney, the board of county commissioners of any county deem it advisable, it may employ legal counsel and the necessary assistants upon such terms as it may deem for the best interests of the county, for the performance of the duties herein enumerated. Such counsel shall be the legal adviser of the board of county commissioners, and of all other county officers, of the annual county board of equalization, the decennial county board of equalization, the decennial county board of revision, and the board of review; and any of said boards and officers may require of him written opinions, or instructions in any matters connected with their official duties. He shall prosecute and defend all suits and actions, which any of the boards above named may direct, or, to which it or any of said officers may be a party, and shall also perform such duties and services as are now required to be performed by prosecuting attorneys under sections 799, 1274, 1277, 1278a, and 3977 of the Revised

State v. Cannon.

Statutes, and as may at any time be required by said board of county commissioners.

"Said board of county commissioners shall fix the compensation of all the persons appointed or employed under the provisions of this. act, which compensation together with their reasonable expenses shall be paid out of the county treasury upon the allowance of said board.

"None of the provisions of section 2834b of the Revised Statutes. shall apply to the appointment or employment herein authorized to be. made."

It will be seen by the provisions of the above statute that the legal: counsel named shall "prosecute and defend all suits and actions, which. any of the boards above named may direct," (that is. board of county commissioners, board of equalization, decennial county board of revision and the board of review), or "to which it or any of said officers. may be a party, and shall also perform such duties and services as are now required to be performed by prosecuting attorneys under sections. 799, 1274, 1277, 1278a and 3977 of the Revised Statutes."

By Sec. 799, it is provided that the prosecuting attorney shall,, upon examination, determine and certify whether contracts therein named are in accordance with the law.

By Sec. 1274, it is provided that the prosecuting attorney shall be. the legal adviser of the county commissioners and all other county officers.

By Sec. 1277, it is provided that the prosecuting attorney may, under circumstances named in the section, apply by civil action, in the name of the state, to a court of competent jurisdiction to restrain the. misapplication of funds, the completion of illegal contracts, and to recover back for the county money illegally paid out, etc.

By Sec. 3977, it is provided that the prosecuting attorney shall. prosecute all actions which may be brought, under title 3 of the statutes against any member or officer of the school board, and shall act in his official capacity as the legal counsel of such boards in all civil actions brought by or against them in their corporate or official capacity.:

That most of these duties, if not all of them, are official duties, duties which can only be performed by a public officer, would seem to be beyond question, under any definition of what constitutes an officer with which we are acquainted.

Mecham, Pub. Off. & Off., Sec. 1, defines a public office and a public: officer in these words:

"A public office is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or en-

Cuyahoga County.

during at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.  The individual so invested is a public officer."

The second section is headed "How Office Differs from Employment," and quotes the following from the Supreme Court of Maine:

"We apprehend that the term 'office,' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office; and the exercise of such power within legal limits constitutes the correct discharge of the duties of such office.  The power thus delegated and possessed may be a portion belonging sometimes to one of the three great departments and sometimes to another; still it is a legal power which may be rightfully exercised, and in its effects it will bind the rights of others, and be subject to revision and correction only according to the standing laws of the state.  An employment merely has none of these distinguishing features. A public agent acts only on behalf of his principal, the public, whose sanction is generally considered as necessary to give the acts performed the authority and power of a public act or law.  And if the act be such as not to require such subsequent sanction, still it is only a species of service performed under the public authority and for the public good, but not in the exercise of any standing laws which are considered as rules of action and guardians of rights."

Without stopping to quote further definitions we believe that none can be found that would not bring many of the duties to be performed by the legal counsel, as expressed in this statute, within the definition of an office, and therefore the party performing these duties within the definition of an officer.  If this be correct, it follows, since quo warranto is the proper proceeding for removing one from office, that the judgment of ouster should be entered against these defendants.

It is urged on behalf of the defendant, Warson, that even though judgment should be entered against Cannon and Day, still that it ought not to be entered against him, and this because of the provisions in the resolution of the commissioners that Warson is to perform other duties than those provided for Cannon and Day, and because his compensation is to be fixed upon a certain percentage basis of taxes which may be collected by him, or through his efforts.  But a complete answer to this is that by the resolution itself he is employed under the same statute, and is to perform all of the duties that each of the others is to perform, and in addition thereto is to perform certain duties in reference to the collection of delinquent taxes.  He then having the same

State v. Cannon.

title as the others have and being required to perform the same duties, as well as certain other duties, if the appointment of Cannon and Day was not warranted because of the unconstitutionality of the statute under which they were appointed, the appointment of Warson is equally unwarranted, and we reach the conclusion, therefore, that each of the three defendants should be and is ousted; Cannon from the position of legal counsel, and Day and Warson from the position of assistant legal counsel.

Henr~ and **Winch, JJ.,** concur.